IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BAYOU STEEL BD HOLDINGS, LLC, *et al.,* | ) Case No. 19-12153 (KBO) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of BAYOU STEEL BD HOLDINGS, L.L.C, *et al.,* | ) |
| | ) |
| | ) Adv. Proc. No. 21-50221 (KBO) |
| | ) |
| Plaintiff, | ) **JURY TRIAL DEMAND** |
| | ) |
| vs. | ) |
| | ) |
| R&R EXPRESS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF
PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ & 550**

R&R Express, Inc. (the "Defendant") files this answer (the "Answer") to the

*Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C.*

*§§ 547 & 550 [Adv. Docket No. 1]* (the "Complaint")[1] filed by George L. Miller (the

"Plaintiff"), in his capacity as the Chapter 7 Trustee of Bayou Steel BD Holdings, L.L.C., *et*

*al.* (the "Debtors") in the above-captioned adversary proceeding, and alleges as follows:

**WITH RESPECT TO PARTIES**

1.    Defendant admits the allegations contained in paragraph 1 of the

Complaint.

2.    Defendant admits the allegations contained in paragraph 2 of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Complaint.

Complaint.

        3.       Defendant admits the allegations contained in paragraph 3 of the

Complaint.

## WITH RESPECT TO JURISDICTION AND VENUE

        4.       Subject to the limitations set forth in paragraphs 5 to 8 below in

this Answer, Defendant admits that the Bankruptcy Court has jurisdiction over this

adversary proceeding under 28 U.S.C. §§ 157(a) and 1334(a), and the *Amended Standing*

*Order of Reference from the United States District Court for the District of Delaware*,

dated February 29, 2012.

        5.       With respect to Plaintiff's allegations in paragraph 5 of the

Complaint about this matter being core, and the entry of final orders, the Defendant states

through Defendant's undersigned counsel, pursuant to Local Bankruptcy Rule 7008-1,

that Defendant does not consent to the entry of final orders or judgments by the Court if it

is determined that the Court, absent consent of the parties, cannot enter final orders or

judgments consistent with Article III of the United States Constitution, and the Defendant

expressly reserves and asserts Defendant's right to a jury trial under the Seventh

Amendment of the United States Constitution.

        6.       Pursuant to Local Bankruptcy Rule 7008-1, the Defendant does not

consent to the entry of final orders or judgments by the Court if it is determined that the

Court, absent consent of the parties, cannot enter final orders or judgments consistent

with Article III of the United States Constitution, and the Defendant expressly reserves

and asserts the Defendant's right to a jury trial under the Seventh Amendment of the United States Constitution.

7.      Subject to the limitations set forth in paragraphs 5 to 8 of this Answer, Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. § 1408 and § 1409(a).

### WITH RESPECT TO BASIS FOR RELIEF REQUESTED

8.      Subject to the limitations set forth in paragraphs 5 to 8 of this Answer, Defendant admits that this adversary proceeding was commenced pursuant to Rule 7001(a) of the Bankruptcy Rules and sections 547 and 550 of the Bankruptcy Code.

### WITH RESPECT FACTS

9.      Defendant admits that prior to the Petition Date, the Debtors made certain payments to Defendant for services that Defendant provided to the Debtors that were documented in certain invoices or statements that Defendant submitted to the Debtors.  With respect to the balance of the allegations set forth in paragraph 9 of the Complaint, Defendant submits that the underlying documents used by Plaintiff to create Exhibit "A" to the Complaint are the best evidence of their contents, and thus, generally and specifically denies any and all allegations related thereto.

10.      Defendant admits that during the 90 days prior to the Petition Date, it received $47,670.15 of Transfers.  With respect to the balance of the allegations set forth in paragraph 10 of the Complaint, Defendant submits that the underlying documents used by Plaintiff to create Exhibit "A" to the Complaint are the best evidence of their

contents, and thus, generally and specifically denies any and all allegations related thereto.

11.     Defendant admits that it bears the burden of proof with respect to its assertion of any affirmative defenses under section 547(c) of the Bankruptcy Code. With respect to the final sentence of paragraph 11 of the Complaint, Defendant submits that the advance demand letter referenced by the Plaintiff is the best evidence of the contents of that communication, and thus, generally and specifically denies any and all allegations related thereto.

## WITH RESPECT TO FIRST CLAIM FOR RELIEF
### (For Avoidance of Preferential Transfers – 11 U.S.C. § 547)

12.     The allegations contained in paragraph 12 of the Complaint re-allege the allegations set forth in paragraphs 1 through 11 of the Complaint, and therefore no additional response is required.  To the extent a response is required, Defendant repeats and re-alleges Defendant's responses to each and every allegation contained in the preceding paragraphs as though fully set forth herein.

13.     Defendant admits that Defendant received $47,670.15 from the Debtors during the ninety days prior to the Petition Date.  Defendant denies the balance of allegations set forth in paragraph 13 of the Complaint, and submits that the underlying documents used by Plaintiff to create Exhibit "A" to the Complaint are the best evidence of their contents, and thus, generally and specifically denies any and all allegations related thereto.

14.     Defendant lacks sufficient knowledge as to the truth of the matters set forth in paragraph 14 of the Complaint, and thus, generally and specifically denies the allegations therein.

15.     Defendant admits the allegations contained in paragraph 15 of the Complaint.

16.     Defendant admits that it was a creditor of the Debtors at the time each of the Transfers was made.  Defendant generally and specifically denies the balance of the allegations set forth in paragraph 16 of the Complaint.

17.     Defendant admits the allegations contained in paragraph 17 of the Complaint.

18.     Defendant lacks sufficient knowledge as to the truth of the matters set forth in the first sentence of paragraph 18 of the Complaint, and thus, generally and specifically denies the allegations therein.  With respect to the second sentence of paragraph 18 of the Complaint, the Defendant admits that there is a presumption of insolvency for debtors pursuant to section 547(f) of the Bankruptcy Code.

19.     Defendant denies the allegations contained in paragraph 19 of the Complaint, and submits that (i) the Plaintiff cannot satisfy all of the elements of section 547(b) of the Bankruptcy Code, and (ii) defenses in section 547(c) of the Bankruptcy Code, or defenses under other relevant law, are applicable and shield the Defendant from preference liability.

20.     Defendant admits the allegations contained in paragraph 20 of the Complaint, and further submits that it is shielded from preference liability under section

5

547(c) of the Bankruptcy Code, or other applicable law, and therefore does not have to return the Transfers to the Debtors.

21.    Defendant denies the allegations contained in paragraph 21 of the Complaint.

## WITH RESPECT TO SECOND CLAIM FOR RELIEF
### (Recovery of Property – 11 U.S.C. § 550)

22.    The allegations contained in paragraph 22 of the Complaint re-allege the allegations set forth in paragraphs 1 through 21 of the Complaint, and therefore no additional response is required.  To the extent a response is required, Defendant repeats and re-allege Defendant's responses to each and every allegation contained in the preceding paragraphs as though fully set forth herein.

23.    Paragraph 23 of the Complaint asserts a conclusion of law to which no factual response is due.  Nonetheless, Defendant generally and specifically denies the allegations contained in paragraph 23 of the Complaint.

24.    Paragraph 24 of the Complaint asserts a conclusion of law to which no factual response is due.  Nonetheless, Defendant generally and specifically denies the allegations contained in paragraph 24 of the Complaint.

## WRITTEN DEMAND FOR JURY TRIAL

25.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Defendant demands a jury trial on all causes of action (i.e., the First Claim for Relief, and the Second Claim for Relief) set forth in the Complaint pursuant to Defendant's Seventh Amendment rights under the United States Constitution.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim – Bankruptcy Rule 7012)

26.     The Complaint fails to state a claim against Defendant upon which

relief may be granted.

### Second Affirmative Defense
### (Doctrine of Waiver, Estoppel, and Unclean Hands)

27.     Plaintiff is precluded from any recovery under the Complaint by

virtue of the doctrines of waiver, estoppel, and unclean hands, *in pari delicto*.

### Third Affirmative Defense
### (Defenses in Fed.R.Civ.P. 8(c)(1) and Section 547(c) of the Bankruptcy Code

28.     Plaintiff's claims are barred by the affirmative defenses set forth in

Federal Rules of Civil Procedure 8(c)(1) (which include:  accord and satisfaction;

arbitration and award; assumption of risk; contributory negligence; duress; estoppels;

failure of consideration; fraud; illegality; injury by fellow servant; laches; license;

payment; release; *res judicata*; statute of frauds; statute of limitations; and waiver) and

the applicable Bankruptcy Rule, and all defenses set forth in Section 547(c) of the

Bankruptcy Code.

### Fourth Affirmative Defense
### (Contemporaneous Exchange for New Value
### Under Section 547(c)(1) of the Bankruptcy Code)

29.     Plaintiff is barred from any recovery sought in the Complaint on

the grounds that any and all payments made by the Debtors to Defendant constitute

contemporaneous new value, and are excepted from avoidance under Bankruptcy Code

section 547(c)(1).

### Fifth Affirmative Defense
### (Ordinary Course of Business Under
### Section 547(c)(2)(A) of the Bankruptcy Code)

30.      Plaintiff is barred from any recovery sought in the Complaint on

the grounds that any and all payments made by the Debtors to Defendant were in the

ordinary course of business under Bankruptcy Code section 547(c)(2)(A), and therefore

are excepted from avoidance.

### Sixth Affirmative Defense
### (Ordinary Course of Business Under
### Section 547(c)(2)(B) of the Bankruptcy Code)

31.      Plaintiff is barred from any recovery sought in the Complaint on

the grounds that any and all payments made by the Debtors to Defendant were in the

ordinary course of business under Bankruptcy Code section 547(c)(2)(B), and therefore

are excepted from avoidance.

### Seventh Affirmative Defense
### (New Value Under Section 547(c)(4) of the Bankruptcy Code)

32.      Plaintiff is barred from recovery under the Complaint by virtue of

the new value defense set forth in Bankruptcy Code section 547(c)(4).

### Eighth Affirmative Defense
### (Defensive Setoff and/or Recoupment)

33.      Defendant asserts that, to the extent that the alleged Transfers were

preferential within the context of section 547(b) of the Bankruptcy Code, such alleged

avoidable transfers are entitled to be offset pursuant to section 553 of the Bankruptcy

Code, and applicable state laws, and/or pursuant to the doctrine of defensive recoupment

under applicable Federal and state law.

## Ninth Affirmative Defense
### (The Debtors Were Conduits for the Transferred Funds)

34.     The Debtors were conduits for the transferred funds at issue in the

Complaint.  Accordingly, the Defendant is not liable for any such transfers as preferences

or fraudulent transfers.

## Tenth Affirmative Defense
### (No Property of the Debtors' Estates Was Transferred to the Defendant)

35.     The funds used to pay Defendant were from third parties, not the

Debtors.  Accordingly, the Plaintiff cannot satisfy his burden under section 547(b) of

proving that there was a transfer of an interest of the Debtors in property.

## Eleventh Affirmative Defense
### (The funds used to pay Defendant were specifically earmarked for such purpose.)

36.     The funds used to pay Defendant were earmarked for such purpose

by the third parties.

## Twelfth Affirmative Defense
### (Defendant Did Not Receive More Than Defendant Would Have
### Received Under a Chapter 7 If the Transfers Had Not Been Made)

37.     Defendant was a secured creditor of the Debtors, and therefore did

not receive more on account of receiving the Transfers than Defendant would have

received under chapter 7 of the Bankruptcy Code if the Transfers had not been made, and

therefore the Plaintiff cannot satisfy his burden under section 547(b)(5) of the Bankruptcy

Code.

## **RESERVATION OF RIGHTS**

38.    In addition to the foregoing Affirmative Defenses, Defendant alleges all legal and equitable defenses which may hereafter be discovered as allowed or outlined by Bankruptcy Rule 7008 and/or Rule 8(c) of the Federal Rules of Civil Procedure, and reserves all rights to amend Defendant's Answer to include any affirmative defenses and/or counterclaims as may be discovered.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by way of his Complaint;

2.    That the Complaint be dismissed with prejudice in its entirety;

3.    For costs of suit and attorney's fees incurred herein; and

4.    For such other and further relief as the Court may deem just and proper.

Dated:  April 5, 2021                LAW OFFICE OF CURTIS A. HEHN

/s/ Curtis A. Hehn
Curtis A. Hehn (Bar No. 4264)
1007 N. Orange St., 4th Floor
Wilmington, DE 19801
Telephone: (302) 757-3491
Fax: (302) 295-4801
Email:  curtishehn@comcast.net

*Counsel for R&R Express, Inc.*